IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHÉ ALEXANDER, Clerk of Courts for Fulton County<br><br>Defendant. | **COMPLAINT** |

# COMPLAINT

## INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such

record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a federal court to issue an order directing the custodian to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703).

## I.     JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendant is located in and conducts either election administration activities or election documentation custodial activities in this District and Division.

## II.     PARTIES

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), *id.* § 20510(a); and Title III of the Help America Vote Act ("HAVA"), *id.* § 21111.

8. Defendant Che Alexander is sued in her official capacity as the person "having custody, possession or control of such record or paper" under the CRA. 52 U.S.C. § 20703. Defendant is sued in her official capacity only.

9. Defendant Alexander serves as the Fulton County Clerk of Courts ("Fulton Clerk").

## BACKGROUND

10.	This proceeding arises from the Attorney General's investigation into Fulton County's compliance with federal election law, particularly the NVRA and HAVA.

11.	Both the NVRA and HAVA require election officials to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

### The Civil Rights Act

12.	Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq*.

13.	Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701, *et seq*.

14.	Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…." 52 U.S.C. § 20703.

## FACTUAL ALLEGATIONS

15. On July 30, 2025, the State Election Board of Georgia passed a resolution calling upon the assistance of the Attorney General to effect compliance with voting transparency.

16. On October 30, 2025, the Attorney General sent a demand letter ("October 30 Letter") to the Fulton County Board of Registration and Elections ("The Fulton Board") demanding "all records in your possession responsive to the recent subpoena issued to your office by the State Election Board."

17. The subpoena, dated October 6, 2025, requested all used and void ballots, stubs of all ballots, signature envelopes, and corresponding envelope digital files from the 2020 General Election in Fulton County.

18. The October 30 Letter requested these records pursuant to the Attorney General's authority under 52 U.S.C. § 20701.

19. The October 30 Letter identified the purpose of this request as ascertaining Georgia's compliance with various federal election laws. The Attorney General also seeks to assist the State Election Board ("State Board") in their transparency efforts under Georgia law.

20. The October 30 Letter specifically cited transparency concerns as a basis for the request. The October 30 Letter cited a November 7, 2024 letter from the State Board to the Fulton Board asserting "unexplained anomalies in vote

tabulation and storage related to the 2020 election." On November 14, 2025, the Fulton Board sent a response letter ("November 14 Letter"). In the November 14 Letter, the Fulton Board replied that "the physical ballots, stubs, and absentee ballot envelopes for the 2020 General Election remain in the Fulton County Superior Court Clerk's possession and under seal in accordance with O.C.G.A. § 21-2-500."

21. The November 14 Letter further cited and attached a letter from the Fulton Clerk to the State Board dated October 21, 2025 ("Fulton Clerk Letter").

22. In the Fulton Clerk Letter, the Fulton Clerk stated that "the records sought are under seal and may not be produced absent a Court Order."

23. On November 21, 2025, the Attorney General sent a letter to the Fulton Clerk ("November 21 Letter") requesting the documents on the same grounds. That letter restated the Attorney General's request under the same authorities and purposes. The October 30 Letter and November 14 Letter were attached for reference.

24. As of the filing of this Complaint, the Fulton Clerk has failed to respond to the Attorney General.

## COUNT ONE

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

25. On November 21, 2025, the Attorney General sent a written demand to the Fulton Clerk for the production of specific election records pursuant to 52 U.S.C. § 20703.

26. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

27. As of the filing of this Complaint, the Attorney General has received no response from the Fulton Clerk.

Wherefore, the United States respectfully requests this Court:

A. Declare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Defendant to provide to the Attorney General the records requested within 5 days of a Court order.

DATED: December 11, 2025                    Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division
CA Bar No. 289367

/s/ *Brittany E. Bennett*
Brittany Bennett
Trial Attorney, Voting Section
GA Bar No. 717377
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 307-2767
Email: eric.neff@usdoj.gov
Brittany.bennett@usdoj.gov