IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CHÉ ALEXANDER, Clerk of Courts for Fulton County<br><br>Defendant. | CASE NO:<br><br>MEMORANDUM IN SUPPORT OF THE REQUEST FOR ORDER TO COMPEL PRODUCTION OF RECORDS PURSUANT TO 52 U.S.C. § 20701, *et seq*. |

## **MEMORANDUM**

## **TABLE OF CONTENTS**

I.   INTRODUCTION..................................................................................4

II.  BACKGROUND...................................................................................6

   A.  Title III of the Civil Rights Act of 1960....................................6

   B.  The United States Seeks to Ensure Georgia Is Complying with Federal Law……………………………………………………9

III. ARGUMENT………….…………………………………………....9

   A. The United States is Entitled to an Order to Compel Under the CRA……………………………………………………………..9

   B. The Attorney General is Entitled to Relief Under the CRA's Summary Proceedings for Obtaining Federal Election Records………………………………………………………...11

IV.  CONCLUSION………………………………………………12

# TABLE OF AUTHORITIES

**Cases**

*Alabama ex rel. Gallion v. Rogers*, 187 F. Supp. 848, (M.D. Ala. 1960) .................5

*Coleman v. Kennedy*, 313 F.2d 867 (5th Cir. 1963) ........................................ 5, 8, 11

*Dinkens v. Attorney General*, 285 F.2d 430 (5th Cir. 1961) ......................................5

*In re Gordon*, 218 F. Supp. 826 (S.D. Miss. 1963) ......................................................7

*Kennedy v. Bruce*, 298 F.2d 860 (5th Cir. 1962) .........................................................7

*Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962) ................................................ passim

*Smith v. City of Jackson*, 544 U.S. 228 (2005) .........................................................11

**Statutes**

52 U.S.C. § 20501 ........................................................................................................9

52 U.S.C. § 20507 ..................................................................................................9, 11

52 U.S.C. § 20510 ......................................................................................................11

52 U.S.C. § 20701 ........................................................................................... 4, 6, 7, 9

52 U.S.C. § 20703 ................................................................................................ passim

52 U.S.C. § 20706 ......................................................................................................10

52 U.S.C. § 21083 ........................................................................................................9

I.  INTRODUCTION

Section 301 of Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials. *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962).[1] It provides, "Every officer of election shall retain and preserve, for a period of twenty-two months from the date of [a federal election] *all* records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election…." 52 U.S.C. § 20701 (transferred from 42 U.S.C. § 1974) (emphasis added).

Section 303 provides the Attorney General of the United States a correspondingly sweeping power to obtain Federal election records: "Any record or paper required by [52 U.S.C. § 20701] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying … by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand need only "contain

---

[1] Caselaw addressing the CRA in any depth is confined to courts within the Fifth Circuit in the early years following the CRA's enactment. Since then, courts have not had occasion to revisit the issue. The United States is unaware of any courts disagreeing with the Fifth Circuit's approach to the CRA.

a statement of the basis and the purpose therefor." *Id.*; *Coleman v. Kennedy*, 313 F.2d 867, 868 (5th Cir. 1963) (per curiam).

On October 30, 2025, the Attorney General, through her representatives, made a written demand to the Fulton County Election Board ("Fulton Board") to produce certain federal election records covered by the CRA. That written demand explained that the purpose of the demand was to assess Fulton County's compliance with the list maintenance requirements of the National Voter Registration Act ("NVRA") and the Help America Vote Act ("HAVA"), among other transparency concerns. The Fulton Board referred the demand to the Fulton County Clerk of Court Che Alexander ("Fulton Clerk"). On November 21, 2025, the Attorney General sent the same demand to the Fulton Clerk, and received no reply. This litigation followed.

Pursuant to Section 305 of the CRA, the United States moves for an order to compel production that requires Defendant to produce the federal election records identified in the written demand. *See Alabama ex rel. Gallion v. Rogers*, 187 F. Supp. 848, 855-56 (M.D. Ala. 1960), *aff'd and adopted in full sub nom. Dinkens v. Attorney General*, 285 F.2d 430 (5th Cir. 1961) (per curiam). The CRA displaces the Federal Rules of Civil Procedure by creating a "special statutory proceeding." *Lynd*, 306 F.2d at 225. "All that is required is a simple statement by the Attorney

General" after making a written demand for Federal election records and papers covered by the statute, explaining that the person against whom an order is sought has failed or refused to make the requested records "available for inspection, reproduction, and copying…." *Id.* at 226 (quoting 52 U.S.C. § 20703). The United States has satisfied those requirements. Accordingly, the United States respectfully requests that the Court issue an order to compel Defendant to produce the federal election records described in its written demand.

## II.   BACKGROUND

### A.   Title III of the Civil Rights Act of 1960.

Under Section 301 of the CRA, every "officer of election" must "retain and preserve … all records and papers which come into his possession relating to any … act requisite to voting in [a Federal] election" for a period of twenty-two months from that election. 52 U.S.C. § 20701. Section 303 of the CRA provides, "Any record or paper required by section 301 to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703.

The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

If an officer of election refuses to comply with the CRA's command, the Act requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

The special proceeding is "summary" in "nature" and neither "plenary [n]or adversary." *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963); *see Kennedy v. Bruce*, 298 F.2d 860, 863 (5th Cir. 1962) (noting that this procedure "does not amount to the filing of a suit of any kind"). "All that is required is a simple statement by the Attorney General that after a … written demand" for Federal election records covered by Section 301 of the CRA (52 U.S.C. § 20701), "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying ….'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not entertain "any other procedural device or maneuver—either before or during any hearing of the

application—to ascertain the factual support for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose therefor' as set forth in the written demand." *Id.* (quoting 52 U.S.C. § 20703). Rather, "[t]he Court, with expedition, should grant the relief sought or, if the respondent-custodian opposes the grant of such relief, the matter should be set down without delay for suitable hearing on the matters open for determination." *Id.*

Those matters, though, are "severely limited." *Id.* The court may adjudicate only: (1) "whether the written demand has been made"; and (2) "whether the custodians against whom orders are sought have been given reasonable notice of the pendency of the proceeding." *Id.* Neither "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" nor "the scope of the order to produce" is open for review. *Id.*; *see Coleman*, 313 F.2d at 868. As the Fifth Circuit has explained, "No showing even of a prima facie case of a violation of Federal law need be made." *Id.* (citation omitted). Instead, "[i]f, after issuance of an order to produce, a genuine dispute subsequently arises as to whether or not any specified particular paper or record comes within [52 U.S.C. § 20701's] broad statutory classification," that issue may be decided by the court. *Lynd*, 306 F.2d at 226.

**B.    The Attorney General is demanding Federal election records under the CRA to assess Fulton County's NVRA and HAVA compliance.**

On October 30, 2025 and November 21, 2025, the Attorney General, acting through her representatives at the Department of Justice ("Department"), sent letters to the Fulton Board and Fulton Clerk, respectively, regarding compliance with federal law and state transparency concerns. Ex. 1, Dep't Ltr. to Fulton Board dated October 30 ("October 30 Letter"); Ex. 3, Dep't Ltr. To Fulton Clerk dated November 21 ("November 21 Letter"). The NVRA and HAVA have various maintenance requirements "to protect the integrity of the electoral process." 52 U.S.C. § 20501(b)(3). The statutes impose certain recordkeeping duties. *See* 52 U.S.C. §§ 20507(a)(4), 20507(i)(1), 21083(a)(1)(A).

Both letters requested a copy of all records, as outlined in 52 U.S.C. § 20701. The Fulton Board referred the Attorney General to the Fulton Clerk, in a letter dated November 14, 2025. Ex. 2, Fulton Board Ltr. Dep't dated November 14 ("November 14 Letter").

### III.    ARGUMENT

**A.    The United States is entitled to an Order to Compel Production under the CRA.**

An order to compel production of documents under the CRA is appropriate when the United States files a "simple statement" describing its written demand for

inspection, reproduction, and copying, and explaining that the officer of election to whom it was directed has "failed or refused to make such papers 'available for inspection, reproduction, and copying.'" *Lynd*, 306 F.2d at 226 (citation omitted). The written demand must include "a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

The Department's October 30 and November 21 Letters satisfy these requirements by: (1) making a written demand for inspection, reproduction, and copying of federal election records; (2) directing that demand to the Fulton Board and the Fulton Clerk, a custodian of election records or officer of election as defined by Section 306 of the CRA;[2] and (3) stating that the purpose of the demand.

The Attorney General cannot assess compliance with HAVA and the NVRA without the requested federal election records. The Fulton Board has deferred and the Fulton Clerk has ignored the United States's written demand pursuant to the

---

[2] Section 306 provides:

> As used in this chapter, the term ''officer of election'' means any person who, under color of any Federal, State, Commonwealth, or local law, statute, ordinance, regulation, authority, custom, or usage, performs or is authorized to perform any function, duty, or task in connection with any application, registration, payment of poll tax, or other act requisite to voting in any general, special, or primary election at which votes are cast for candidates for the office of President, Vice President, presidential elector, Member of the Senate, Member of the House of Representatives, or Resident Commissioner from the Commonwealth of Puerto Rico.

52 U.S.C. § 20706.

CRA. Consequently, the United States respectfully requests that this Court issue an Order compelling Defendant to immediately produce those records through a secure method. *See Lynd*, 306 F.2d at 226; *Coleman*, 313 F.2d at 868.

    **B.**    **The Attorney General is entitled to relief under the CRA's summary proceeding for obtaining federal election records.**

The CRA displaces the Federal Rules of Civil Procedure and creates a "special statutory proceeding" under which Defendant must produce the voter-registration lists and other federal election records demanded by the Attorney General.[3] *Lynd*, 306 F.2d at 225. The court in *Lynd* reasoned that a special proceeding was necessary to obtain federal election records because no other procedural device or maneuver was available:

> There is no place for a motion for a bill of particulars or for a more definite statement under F.R.Civ.P. 12(e), 28 U.S.C.A. There is no place for any other procedural device or maneuver— either before or during any hearing of the application— to ascertain the factual support for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose therefor' as set forth in the written demand. [52 U.S.C. § 20703]. Thus with respect to the reasons why the Attorney General considers the records essential, there is no place, either as a part of pleadings, discovery, or trial, for interrogatories under F.R.Civ.P. 33, oral depositions of a party under F.R.Civ.P. 26(a), 30, production of

---

[3] Although this Motion for an Order to Compel Production is made under the CRA, the United States notes that the NVRA includes a similar requirement for production of Federal election records. *See* 52 U.S.C. § 20507, 52 U.S.C. § 20510(a). "[W]hen Congress uses the same language in two statutes having similar purposes … it is appropriate to presume that Congress intended that text to have the same meaning in both statutes." *Smith v. City of Jackson*, 544 U.S. 228, 233 (2005) (plurality opinion).

documents under F.R.Civ.P. 34, or request for admissions as to facts or genuineness of documents or other things under F.R.Civ.P. 36, 37.

*Id.* at 226.

The "special statutory proceeding" of these statutes is "a summary proceeding." *Id.* at 225-26. To institute this proceeding, the United States need only file a "simple statement" describing its written demand for the federal election records and explaining that Defendant "failed or refused to make such papers 'available for inspection, reproduction, and copying.'" *Id.* at 226 (citation omitted). Accordingly, the Court "should grant the relief sought or, if the respondent-custodian opposes the grant of such relief, the matter should be set down without delay for suitable hearing on the matters open for determination." *Id.* The Attorney General's right to reproduction and copying of Federal election records is not dependent upon any other showing. *Id.* Therefore, the United States respectfully requests that this Court issue an Order directing Defendant to produce the federal election records described in the Attorney General's written demand.

## IV.     CONCLUSION

For the foregoing reasons, the United States requests that this Court enter an Order directing Defendant to comply with the Attorney General's Demand pursuant to the CRA and provide the identified records. Those records should be provided electronically to the United States within five days.

Dated: December 11, 2025  Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division
CA Bar No. 289367

/s/ *Brittany E. Bennett*
Brittany Bennett
Trial Attorney, Voting Section
GA Bar No. 717377
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 307-2767
Email: Brittany.bennett@usdoj.gov

## CERTIFICATE OF WORD COUNT AND FORMAT

Pursuant to LR5.1 and LR5.2, I certify that the brief has been prepared with an approved font and point selection. I further certify that I used the Microsoft Word word count feature, and the word count of their memorandum, not including cover page, table of contents, table of authorities, and signature page is 1901 words.

/s/ *Brittany E. Bennett*
Brittany Bennett
Trial Attorney, Voting Section
GA Bar No. 717377