# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br><br>CHÉ ALEXANDER, Clerk of Courts for Fulton County,<br><br>*Defendant*. | Case No. 1:25-CV-07084-TWT |

## BLACK VOTERS MATTER FUND, CWA LOCAL 3204, AND CWA LOCAL 3204 RETIRED MEMBERS COUNCIL'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT

Proposed Intervenors Black Voters Matter Fund, Communication Workers of America Local 3204, and Communication Workers of America Local 3204 Retired Members Council answer Plaintiff's Complaint as follows:

### INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … all records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

1

**Answer**: Paragraph 1 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute and opinion cited contain the quoted language, though Plaintiff omitted relevant text from the quote. Proposed Intervenors state that the statute and opinion speak for themselves. Proposed Intervenors otherwise deny the allegations.

2.   Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id*.

**Answer**: Paragraph 2 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute contains the quoted text and state that the statute speaks for itself. Proposed Intervenors otherwise deny the allegations.

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a federal court to issue an order directing the custodian to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id*.

**Answer**: Paragraph 3 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinion cited contains the quoted text and state that the opinion speaks for itself. Proposed Intervenors otherwise deny the allegations.

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the

3

purpose' contained in the written demand" or "the scope of the order to produce." *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703).

**Answer**: Paragraph 4 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinion cited contains the quoted text and state that the opinion speaks for itself. Proposed Intervenors otherwise deny the allegations.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

**Answer**: Paragraph 5 contains legal contentions, characterizations, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendant is located in and conducts either election administration activities or election documentation custodial activities in this District and Division.

**Answer**: Paragraph 6 contains legal contentions, characterizations, conclusions, or opinions to which no response

is required, Proposed Intervenors admits that the Defendant is located in and conducts election documentation custodial activities in this District and Division. Proposed Intervenors lack sufficient information to admit or deny the allegation that the Defendant conducts election administration activities in this District and Division.

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), *id.* § 20510(a); and Title III of the Help America Vote Act ("HAVA"), *id.* § 21111.

**Answer**: Paragraph 7 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff and that the Attorney General has certain enforcement authorities under the Civil Rights Act of 1960, the National Voter Registration Act, and the Help America Vote Act.

8. Defendant Che Alexander is sued in her official capacity as the person "having custody, possession or control of such record or paper" under the CRA. 52 U.S.C. § 20703. Defendant is sued in her official capacity only.

**Answer**: Paragraph 8 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response

is required, Proposed Intervenors admit Defendant Alexander is sued in her official capacity only. Proposed Intervenors otherwise deny the allegations.

9. Defendant Alexander serves as the Fulton County Clerk of Courts ("Fulton Clerk").

**Answer**: Proposed Intervenors admit the allegation in Paragraph 9.

10. This proceeding arises from the Attorney General's investigation into Fulton County's compliance with federal election law, particularly the NVRA and HAVA.

**Answer**: Proposed Intervenors deny the allegations in Paragraph 10.

11. Both the NVRA and HAVA require election officials to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

**Answer**: Paragraph 11 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

12. Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq*.

**Answer**: Paragraph 12 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Title III of the Civil Rights Act of 1960

empowers the Attorney General to request certain records. Proposed Intervenors otherwise deny the allegations.

13. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701, *et seq*.

**Answer**: Paragraph 13 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit Section 301 requires certain state and local officials to retain certain records relating to voter registration and other acts requisite to voting for a period of twenty-two months. Proposed Intervenors otherwise deny the allegations.

14. Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…." 52 U.S.C. § 20703.

**Answer**: Paragraph 14 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response

is required, Proposed Intervenors admit that the statute contains the quoted text and state that the statute speaks for itself.

## FACTUAL ALLEGATIONS

15. On July 30, 2025, the State Election Board of Georgia passed a resolution calling upon the assistance of the Attorney General to effect compliance with voting transparency.

**Answer**: Proposed Intervenors lack sufficient information to admit or deny the allegation in Paragraph 15. To the extent a response is required, Proposed Intervenors deny the allegations.

16. On October 30, 2025, the Attorney General sent a demand letter ("October 30 Letter") to the Fulton County Board of Registration and Elections ("The Fulton Board") demanding "all records in your possession responsive to the recent subpoena issued to your office by the State Election Board."

**Answer**: Proposed Intervenors admit the allegations in Paragraph 16.

17. The subpoena, dated October 6, 2025, requested all used and void ballots, stubs of all ballots, signature envelopes, and corresponding envelope digital files from the 2020 General Election in Fulton County.

**Answer**: Proposed Intervenors lack sufficient information to admit or deny the allegation in Paragraph 17. Proposed Intervenors deny the allegation.

18. The October 30 Letter requested these records pursuant to the Attorney General's authority under 52 U.S.C. § 20701.

**Answer**: Proposed Intervenors admit that the October 30 Letter stated it requested the records pursuant to the Attorney General's authority under 52 U.S.C. § 20701. Proposed Intervenors deny that the cited statute authorizes the Attorney General's request.

19. The October 30 Letter identified the purpose of this request as ascertaining Georgia's compliance with various federal election laws. The Attorney General also seeks to assist the State Election Board ("State Board") in their transparency efforts under Georgia law.

**Answer**: Proposed Intervenors admit that the October 30 letter identified the purpose for the request as ascertaining Georgia's compliance with various federal election laws. Proposed Intervenors deny the remaining allegations in Paragraph 19.

20. The October 30 Letter specifically cited transparency concerns as a basis for the request. The October 30 Letter cited a November 7, 2024 letter from the State Board to the Fulton Board asserting "unexplained anomalies in vote tabulation and storage related to the 2020 election." On November 14, 2025, the Fulton Board sent a response letter ("November 14 Letter"). In the November 14 Letter, the Fulton Board replied that "the physical ballots, stubs, and absentee ballot

envelopes for the 2020 General Election remain in the Fulton County Superior Court Clerk's possession and under seal in accordance with O.C.G.A. § 21-2-500."

**Answer**: Proposed Intervenors admit the October 30 Letter and November 14 Letter contain the quoted text and state that the letters speak for themselves. Proposed Intervenors admit the Fulton Board sent a response letter dated November 14, 2025. To the extent further response is required, Proposed Intervenors deny the allegations.

21.  The November 14 Letter further cited and attached a letter from the Fulton Clerk to the State Board dated October 21, 2025 ("Fulton Clerk Letter").

**Answer**: Proposed Intervenors admit the allegation in Paragraph 21.

22.  In the Fulton Clerk Letter, the Fulton Clerk stated that "the records sought are under seal and may not be produced absent a Court Order."

**Answer**: Proposed Intervenors deny the allegation in Paragraph 22.

23.  On November 21, 2025, the Attorney General sent a letter to the Fulton Clerk ("November 21 Letter") requesting the documents on the same grounds. That letter restated the Attorney General's request under the same authorities and purposes. The October 30 Letter and November 14 Letter were attached for reference.

**Answer**: Proposed Intervenors admit the Attorney General sent a letter to the Fulton Clerk on November 21, 2025, and state that the letter speaks for itself. Proposed Intervenors otherwise deny the allegations in Paragraph 23.

24. As of the filing of this Complaint, the Fulton Clerk has failed to respond to the Attorney General.

**Answer**: Proposed Intervenors lack sufficient information to admit or deny the allegation in Paragraph 24. To the extent a response is required, Proposed Intervenors deny the allegations.

## COUNT ONE

25. On November 21, 2025, the Attorney General sent a written demand to the Fulton Clerk for the production of specific election records pursuant to 52 U.S.C. § 20703.

**Answer**: Paragraph 25 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that a document which Plaintiff purports was a demand for election records was sent to the Fulton Clerk on November 21, 2025. Proposed Intervenors otherwise deny the allegations.

26. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

**Answer**: Paragraph 26 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegation.

27. As of the filing of this Complaint, the Attorney General has received no response from the Fulton Clerk.

**Answer**: Proposed Intervenors lack sufficient information to admit or deny the allegation in Paragraph 27.

Immediately following Paragraph 27, the Complaint contains a request for relief, including sub-paragraphs (A)–(B), demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.
2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.
3. Plaintiff has failed to establish entitlement to injunctive relief.
4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: December 16, 2025

*/s/ Adam M. Sparks*
Adam M. Sparks
Ga. Bar. No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com

Uzoma N. Nkwonta*
Branden D. Lewiston*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law

13

blewiston@elias.law
mmcqueen@elias.law
Tel: (202) 968-4652

*Counsel for Black Voters Matter Fund,
CWA Local 3204, and
CWA Local 3204 Retired Members Council*

\*Pro Hac Vice applications forthcoming