# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHÉ ALEXANDER, Clerk of Courts for Fulton County, <br><br> Defendant. | Case No. 1:25-cv-07084-TWT |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In accordance with Fed. R. Civ. P. 12(b)(6), Defendant Ché Alexander, sued in her official capacity as Clerk of Courts for Fulton County (the "Clerk"), respectfully moves to dismiss Plaintiff's Complaint on the grounds that the Complaint does not state a claim on which relief can be granted. As grounds for this motion, as more fully set forth in the supporting memorandum of law filed contemporaneously with this motion, Defendant states:

1. Plaintiff's Complaint relies on Title III of the Civil Rights Act of 1960, 52 U.S.C. § 20701, et seq. (the "CRA"). The CRA requires, for a period of twenty-two months, the retention of documents "relating to any application, registration, payment of poll tax, or other act requisite to voting in such election." 52 U.S.C. § 20701.

2.     The purpose of the targeted "investigative" provisions in the CRA is to enable Plaintiff to determine whether state officials engaged in racially discriminatory voter registration practices that interfered with the right to vote. *Kennedy v. Lynd*, 306 F.2d 222, 228 (5th Cir. 1962); *Kennedy v. Bruce*, 298 F.2d 860, 861 (5th Cir. 1962).

3.     Plaintiff's Complaint, however, does not seek voter registration materials in connection with alleged civil rights violations. Instead, Plaintiff's Complaint seeks ballots, ballot stubs, and absentee ballot envelopes from the 2020 election. *See* Compl. ¶ 17. In addition to falling well outside the CRA's 22-month window, these 2020 election materials have nothing to do with voter registration.

4.     Plaintiff's Complaint refers to alleged record retention obligations under the National Voter Registration Act ("NVRA") and the Help America Vote Act ("HAVA"). *See* Compl. ¶¶ 10-11. But Plaintiff does not request any materials pertinent to those statutes. While Plaintiff's Motion to Compel specifies "certain recordkeeping duties" under NVRA and HAVA, none of the cited statutes references ballots, ballot stubs, or absentee ballot envelopes. (*See* Doc. 2-1 (citing 52 U.S.C. §§ 20507(a)(4) (referring to removal of ineligible voters from voter lists), 20507(i)(1) (referring to records relating to "accuracy and currency of official lists of eligible voters"), and 21083(a)(1)(A) (addressing requirement of "computerized statewide voter registration list").)

5. No federal law authorizes federal courts to "entertain post-election contests about garden-variety issues of vote counting and misconduct that may properly be filed in state courts." *Wood v. Raffensperger*, 981 F.3d 1307, 1310 (11th Cir. 2020), *aff'g* 501 F. Supp. 3d 1310 (N.D. Ga. 2020).

6. In accordance with Georgia law, and as a result of ongoing litigation regarding the 2020 election, ballots, ballot stubs, and absentee ballot envelopes from the 2020 election remain under seal with the Clerk. O.C.G.A. §§ 21-2-390(a) & 21-2-500(a).

7. Assuming Plaintiff could identify a legitimate basis for access to these 2020 election materials (which the CRA does not provide), Plaintiff should seek an order from a judge of the Fulton County Superior Court unsealing these materials. *See Trump v. Kemp*, 511 F. Supp. 3d 1325, 1334-35 (N.D. Ga. 2021) ("Federal courts 'do not intervene in state election contests for the purpose of deciding issues of state law.'" (quoting *Hubbard v. Ammerman*, 465 F.2d 1169, 1181 (5th Cir. 1972))).

- 4 -

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint.

Respectfully submitted, January 5, 2026.

<u>/s/ Michael W. Tyler</u>
Michael W. Tyler
Georgia Bar No. 721152
C. Allen Garrett Jr.
Georgia Bar No. 286335
Jennifer Cotton
Georgia Bar No. 520708

KILPATRICK TOWNSEND
  & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Phone: (404) 815-6500
Fax: (404) 815-6555
mtyler@ktslaw.com
agarrett@ktslaw.com
jcotton@ktslaw.com

*Counsel for Defendant*

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing has been prepared in 13-point Century Schoolbook font in accordance with Local Rule 5.1(C).

Dated:  January 5, 2026.

>/s/ Michael W. Tyler
>Michael W. Tyler

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send email documentation of such filing to the attorneys of record.

>/s/ Michael W. Tyler
>Michael W. Tyler