Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-920-WKW |
| | ) | |
| THE STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On November 19, 2008, Plaintiff United States of America ("United States") filed suit against Defendant the State of Alabama and the Secretary of State, Beth Chapman, in her official capacity (collectively the "State"), pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. § 1973ff to -6. The Attorney General has the authority under UOCAVA to bring a civil action for "such declaratory or injunctive relief as may be necessary to carry out" UOCAVA's requirements. § 1973ff-4. At issue in this case is the State's compliance with § 1973ff-1(c), which requires the State to report to the Election Assistance Commission, not later than ninety days after a regularly scheduled general election for Federal office, certain data regarding ballots from absent uniformed services voters and overseas voters.

A status conference was held on March 26, 2009. That same day, the parties filed a Joint Motion for Entry of Order Pursuant to 42 U.S.C. § 1974c. (Doc. # 23.) In their motion, the parties articulate their disagreement over the requirements of § 1973ff-1(c) (Doc. # 23 ¶¶ 2-5), but represent, as they did in the status conference, that they believe the information

the United States seeks can be obtained (Doc. # 23 ¶ 6). The United States is seeking data capturing the number of UOCAVA ballots counted in twenty-one counties. (Doc. # 23 ¶ 4.) The parties believe that number can be ascertained by subtracting the number of separately marked returned UOCAVA ballot affidavit envelopes not opened and counted from the number of UOCAVA ballots the counties have already reported were returned. (Doc. # 23 ¶ 7.)

The parties agree that the UOCAVA absentee ballot affidavit envelopes are within the scope of 42 U.S.C. § 1974. (Doc. # 23 ¶ 9.) Section 1974b requires that any record or paper retained under § 1974 be made available for inspection, reproduction and copying by the Attorney General or his representative, upon demand in writing by the Attorney General or his representative to the person with custody, possession, or control of such items. The United States represents that under this provision, it intends to make a written demand to the sheriffs of the twenty-one counties listed in the motion for the relevant election materials. (Doc. # 23 ¶¶ 4, 10.)

Because the State will accompany the United States to review and inspect the election materials, the parties have requested a court order authorizing the United States to disclose the relevant records or papers to the State and the public. (Doc. # 23 ¶¶ 11-13.) The order is needed because § 1974c requires an order from a federal court to allow the Attorney General or any employee of the Department of Justice, or any representative of the Attorney General, to "disclose any record or paper produced pursuant to this subchapter," with a few non-applicable exceptions. (Doc. # 23 ¶ 12.)

The United States additionally states that, "under its interpretation of the statute, implementation of these steps constitutes full compliance with the UOCAVA reporting requirements for the 2008 federal general election," but that the motion "does not address future compliance."  (Doc. # 23 ¶ 14.)

The parties agree that a ninety-day stay of this proceeding should be entered while they pursue these steps.  (Doc. # 23 ¶ 15.)

Accordingly, it is ORDERED that:

(1) Pursuant to 42 U.S.C. ¶ 1974c, the United States is AUTHORIZED to "disclose any record or paper" to the State and the public.  This Order is limited, however, to those 2008 federal general election records and papers produced to the United States pursuant to written demand letters from the Attorney General, 42 U.S.C. § 1974b, issued to the sheriffs of the following Alabama counties: Baldwin, Blount, Calhoun, Cherokee, Covington, Dale, Escambia, Hale, Henry, Houston, Jackson, Jefferson (Bessemer division), Lee, Lowndes, Marengo, Mobile, Randolph, Shelby, Sumter, Tallapoosa, and Washington; and

(2) this case is STAYED for ninety days.  Upon the expiration of ninety days, the parties shall file a joint status report.

DONE this 27th day of March, 2009.

　　　　　　　　　　　　　　　　  /s/  W.  Keith Watkins  
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE