# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>v.<br><br>CHÉ ALEXANDER, Clerk of Courts for Fulton County, et al.,<br><br>    Defendants. | CASE NO: 1:25-cv-07084-TWT<br><br>MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO STAY CASE PENDING OUTCOME OF POTENTIAL CRIMINAL PROCEEDINGS |

## INTRODUCTION

The Civil Rights Division, which brought this action for the limited purpose of compelling production of election records pursuant to its statutory duties of federal election oversight, now requests this Court issue a stay of proceedings as the records at issue appear to have been removed from Defendant's possession pursuant to a criminal search warrant executed by the Federal Bureau of Investigation (FBI).

## PROCEDURAL SUMMARY

On December 11, 2025, the United States filed the sole Complaint in this matter, alleging as the only count a violation of the Civil Rights Act of 1960. *See* Complaint, Doc. 1. In that Complaint, the United States asked this Court to provide relief in the form of an Order that Defendant provide the election records requested in a November 21, 2025 letter to Defendant. *See id.*; Motion, Doc. 2, Attachment # 5 "Exhibit 3 Nov 21 Letter" (November 21 Letter). The United States filed an

accompanying Motion to Compel those same records simultaneously with the Complaint. *See* Mot. For Order to Compel Records, Doc. 2.

On December 16, 2025, Intervenors filed their unopposed Motion to Intervene. *See* Mot. To Intervene, Doc. 4. On January 5, 2026, Defendant and Intervenors filed their respective Motions to Dismiss the Complaint. *See* Def.'s Mot. To Dismiss, Doc. 18; Intervenor's Mot. To Dismiss, Doc. 17. On January 20, 2026, the United States filed its Opposition to the Motions. *See* Response in Opposition, Doc. 21. Defendant's Reply to the Response is currently due February 17, 2026.

On January 28, 2026, the FBI executed a search warrant at the Fulton County Election Hub and Operation Center outside Atlanta. The United States now brings this Motion to Stay Case Pending Outcome of Potential Criminal Proceedings. Defendant declined to provide a position on the Motion, stating her position as to the litigation was still under evaluation.

## STATEMENT OF FACTS

The United States brought this action to enforce its demand for certain election records under the Civil Rights Act. Specifically, the United States demanded that the Defendant provide "all records in your possession responsive to the recent subpoena issued to your office by the State Election Board" which included the "physical ballots, stubs, and absentee ballot envelopes for the 2020 General Election." *See* November 21 Letter, Doc. 2, Exh. 3.

On January 28, 2026, federal law enforcement executed a search warrant for documents that are generally understood to be the responsive documents in this case. *See* Civil Action 1:26-MC-0177, *Ronald L. Pitts and Fulton County Board of Registration and Elections v. United States*, Rule 41 Motion for Return of Property, filed under seal.

## POINTS AND AUTHORITIES

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "Whether to grant a stay calls 'for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Am. Sec. Ass'n v. S.E.C.*, 147 F.4th 1264, 1280 (11th Cir. 2025) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936)). That discretion may be exercised to stay "civil proceedings pending resolution of criminal matters, to control its docket and manage its cases, and under other circumstances 'if the interests of justice so require.'" *Rogers v. City of Atlanta*, 214 F.Supp.3d 1314, 1319 (N.D. Ga. 2016) (quoting *United States v. Kordel*, 397 U.S. 1, 12 (1970)). District courts in the Eleventh Circuit typically consider several factors in determining whether to stay a civil case because of criminal proceedings:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

(4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*S.W. v. Clayton Cty. Pub. Schs.*, 185 F.Supp.3d 1366, 1371-72 (N.D. Ga. 2016) (citation omitted). "The overlap between the issues in the criminal and civil cases is of paramount importance because absent overlap, there is no need for a stay." *Id.* at 1372. That overlap exists in cases in which the Government has brought a civil action to obtain evidence that may be used in a criminal prosecution. *See United States v. Kordel*, 397 U.S. 1, 11-12 (1970); *see also Kittrell v. Allen*, No. 1:24-cv-00786, 2024 WL 3740150, at *1 (N.D. Ga. Aug. 1, 2024) ("District courts in this Circuit have routinely stayed cases against civil defendants facing indictments in overlapping criminal cases.").

### A. Criminal and Civil Case Overlap

Here, the criminal proceedings and the civil case appear to almost completely overlap. At issue are likely the same records, reflecting similar questions about the same transaction or event. The records seized are the object of the litigation. Thus, this factor weighs in favor of stay.

### B. The Status of the Case

The records at issue in this litigation have already been found to a probable cause standard by a Magistrate of this Court to either be (1) evidence of a crime; (2) contraband, fruits of crime, or other items illegally possessed; or (3) property

designed for use, intended for use, or used in committing a crime. Fed. R. Civ. Pro. 41(c). Thus, even without any further action, the mere search warrant execution has already had a direct impact on this case. Any action Defendant takes in this case will almost inevitably somehow relate to potential criminal exposure given the litigation centers around the only known evidence in the criminal proceedings.

    C. <u>Interest of the United States in Expeditious Proceedings Versus Delay</u>

The United States is the party moving for a stay. The United States has weighed all factors including delay and determined that a stay is the most appropriate action. The Civil Rights Division does not wish to interfere in a separate criminal proceeding of which it is not involved. This action seeks election records that date back over five years. A delay does not threaten any of the interests of the Civil Rights Division that are not already protected by a stay of this case. Furthermore, the Defendant is no longer in possession of the records. Expeditious proceedings would therefore be counterproductive to the object of the litigation. This factor weighs in favor of stay.

    D. <u>Interests and Burdens on the Defendant</u>

Defendant will suffer no injury from a stay. Defendant will also be protected from having to answer in civil litigation what potentially would not be in her interest to answer as part of hypothetical criminal exposure. The Civil Rights Division, having not been involved in the criminal proceedings, has no knowledge as to

whether the Defendant here is even relevant to that criminal investigation. Nonetheless, based on the alleged targeted records of the search warrant, her interests are clearly implicated by any action that involves representations before a court of law regarding records previously under her possession seized pursuant to a search warrant.

Furthermore, a stay places no burden on Defendant. A stay merely relieves Defendant of the burden of having to weigh possibly conflicting litigation interests. This factor weighs heavily in favor of a stay.

E. Interests of the Courts

With the alleged records no longer in Defendant's possession, the Court would likely be wasting resources if it were to grant the relief sought by the United States. Defendant would not be capable of providing the relief while the records are in the possession of a criminal investigative team. Furthermore, while it is unknown what the resolution of the criminal proceedings will be, any resolution has the potential to affect both parties' position in this litigation. Thus, weighing the substantive legal disputes here may be premature. This factor weighs in favor of a stay.

F. Public Interest

The records at issue here are of great public interest nationwide. Thus, a cautious approach which protects all parties' interests will best serve the public interest here. Furthermore, a stay ensures that records of great public interest will be

preserved, even if criminal proceedings result in the property being returned to Defendant. This procedure allows all interests and overlapping litigation to be resolved in an orderly fashion.

## CONCLUSION

The United States respectfully requests that this Court order a stay of this case until criminal proceedings have been resolved. The United States further requests this Court order Defendant to retain and preserve any records that are in her possession that are at issue in this litigation until further order of this or another Court.

DATED: February 6, 2026.   Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

/s/ Eric V. Neff
ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.1807
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Eric.Neff@usdoj.gov

# CERTIFICATE OF COMPLIANCE WITH LR 5.1(B)

I hereby certify that this brief uses Times New Roman size 14 font in compliance with LR 5.1(B).

        /s/ Eric V. Neff
        ERIC V. NEFF
        Acting Chief, Voting Section
        Civil Rights Division
        U.S. Department of Justice
        4 Constitution Square
        150 M Street NE, Room 8.1807
        Washington, D.C. 20002
        Telephone: (202) 704-5430
        Email: Eric.Neff@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Eric V. Neff
ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.1807
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Eric.Neff@usdoj.gov
